[Civ. No. 3193. First Appellate District, Division Two.—December 31, 1919.]

NORMAN HIRST, a Minor, etc., Respondent, v. MORRIS & COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE—OWNERSHIP AND USE OF AUTOMOBILE BY EMPLOYEE— SCOPE OF EMPLOYMENT — EVIDENCE — LIABILITY OF EMPLOYER.— Where an automobile which has been purchased by an employee from his employer, though used by such employee for the purpose of carrying samples and advertising matter in the performance of his duties in advertising and selling the products of his employer and though not fully paid for, is not being used to carry any samples or advertising matter at the time of the happening of a collision, and such employee on that day is not engaged in the performance of any services for his employer, he is not acting within the scope of his employment and his negligence is not imputable to his employer.

[2] ID.—SUDDEN DANGER—MISTAKEN JUDGMENT—CONTRIBUTORY NEGLI- GENCE.—Where defendant, who was driving an automobile and had not as yet straightened his machine after having made a very broad curve in turning from a cross street, at the time he first appeared to the view of plaintiff, who was riding a bicycle, was but a short distance from plaintiff and was "rushing at him" directly, and plaintiff had no means of escape, the latter, thus confronted with a sudden danger, cannot be held responsible for turning to the left in an attempt to avoid the collision, even though the defendant did succeed in a short distance in straighten- ing out his machine.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Meyers, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

John Murray Marshall and James S. Bennett for Appel- lants.

E. B. Drake for Respondent.

1. Imputing servant's negligence to master, notes, 8 L. R. A. (N. S.) 635; L. R. A. 1915A, 763.

2. Contributory negligence of child acting in emergency, note, L. R. A. 1917F, 83, 104.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for three thousand dollars in an action for personal injuries sustained by plaintiff when the bicycle he was riding collided with an automobile being driven in the city of Los Angeles by the defendant Schneider.

[1] Morris & Company was joined as a defendant upon the theory that Schneider was in its employ at the time of the accident and was in the course of his employment when the accident occurred. We shall consider first the contention of appellant Morris & Company that the negligence of Schneider, if any, cannot be imputed to it, because Schneider at the time of the accident, was not acting within the scope of his employment. The evidence upon this question is uncontradicted. It consists in a contract between the defendants, covering the ownership of the automobile involved in the case and the employment of Schneider by Morris & Company, together with the testimony of Schneider himself with regard to his employment and duties. From the written contract between the defendants, introduced in evidence by the plaintiff, it appears that the automobile which was being driven by Schneider had been purchased by him from his employer; fifty dollars cash had been paid as the initial payment and the balance was to be paid in installments. Schneider testified that the car was about half paid for at the time of the accident. By his contract, Schneider agreed to use the car in the business of the company, in advertising and selling its products, and the company agreed to pay Schneider a specified sum per week for the use of the car, Schneider to pay all expenses of operation, repairs, etc., and the company to pay for insurance upon the car. The employee was required to take out and pay for his own license for operating the automobile, and he testified that the license had been taken out in his name. The employee kept the car in a garage at his own home. He testified that the car was his and considered as his; that he used it just as though it had been completely paid for; that the company never dictated to him about the car. Upon the question of the scope of his duties, he testified that he was employed to sell the products of the company and to attend to advertising the same; that the car had been used at times to carry samples

and advertising matter, but that at the time of the accident he had no samples or advertising matter with him; that these articles were carried by him only when he was introducing and selling a new line of goods, which he was not doing at that time. Schneider also testified that under instructions from the head salesman, the person from whom he received directions, he was to work in Los Angeles on Monday, Tuesday, and Wednesday of each week and in Santa Barbara and vicinity on Thursday and Friday; that on Saturday and Sunday he had no duties to perform for his employer, unless some special request was made of him by his employer. This accident occurred on Saturday morning. Schneider testified that on Monday, Tuesday, and Wednesday of that week he had worked in Los Angeles for his employer; that on Thursday he had worked in Santa Barbara, and on Friday, in Ventura; that he might have remained at Ventura over Saturday and Sunday and gone camping near by, as he had frequently done, but he desired to return to Los Angeles to his home, and accordingly left Ventura on Saturday morning at about 8:30 to return to Los Angeles, purchase some groceries for his wife and take them to his home. On the way he met a Mr. Buttermer, a man unconnected in any way with the business of the said defendant. He invited him into his car and on the way to take Buttermer to his destination downtown, before making the purchases at the grocery, the accident happened. We can find nothing in these facts which would bring the defendant Schneider within the scope of his employment at the time the accident happened. This question has been frequently discussed in recent decisions in this state. (*Mauchle* v. *Panama-Pac. Int. Exp. Co.,* 37 Cal. App. 715, [174 Pac. 400]; *Gousse* v. *Lowe,* 41 Cal. App. 715, [183 Pac. 295]; *Maupin* v. *Solomon,* 41 Cal. App. 323, [183 Pac. 198]; *Brown* v. *Chevrolet Mfg. Co.,* 39 Cal. App. 738, [179 Pac. 697].) It would serve no useful purpose to discuss again here the theory and principles of law upon which these last cited cases are based, as these matters are fully discussed therein. Upon the authority of these and other similar cases, we must hold that the defendant Schneider was not, at the time of the accident, acting within the scope of his employment by the defendant company, and his negligence is not, therefore, imputable to said company. It

follows that the judgment as against the defendant and appellant Morris & Company must be reversed.

With respect to the judgment against the defendant Schneider, it becomes necessary for us to discuss the further point urged by appellants that the evidence is insufficient to sustain the verdict, in that it shows no negligence upon the part of Schneider, and does disclose contributory negligence upon the part of the plaintiff. Because of the various elements that entered into the traffic situation at the place of the accident,—the relative placement of various objects on the street about which the testimony is in dispute, and the unusual situation presented by reason of the configuration of the roadway at this place, —it is extremely difficult to discuss the testimony in detail without reference to a map or chart. We have very carefully studied the maps and charts in evidence, and applied the testimony of the various witnesses thereto. Upon several vital matters which would enter into the determination of the negligence of the defendant Schneider, such as his rate of speed at the time of the accident; his position to the east of the center of the roadway (he was going south, having just turned to his right from Sunset Boulevard into Broadway, just in front of the approach to the Broadway tunnel), there was conflicting evidence. It is sufficient to say that there is evidence in the record from which the jury might reasonably have believed that said defendant was going at the rate of twenty-five miles an hour. A city ordinance was introduced in evidence permitting a speed of only twelve miles an hour at this point. There is evidence in the record from which the jury might have believed that said defendant was to the east of the center of the street, having made a broad turn from Sunset Boulevard.

[2] There is evidence from which the jury might have believed that at the time said defendant first appeared to the view of the plaintiff, he was coming in a southeasterly direction, having not as yet straightened his machine after making a very broad curve; that at this time he was but a short distance from the plaintiff and was "rushing at him" directly, and that the plaintiff had no means of escape. If the jury believed this from the evidence, the boy thus confronted with a sudden danger cannot be held responsible for turning suddenly to his left in an attempt

to avoid the collision, even though it does appear that the defendant did succeed in a short distance in straightening out his machine. The boy may well have believed—as he testified he did believe—that the machine could not be straightened in its course within the short distance between him and it, and that a collision was inevitable if he continued in his regular course. He also testified that the situation of automobiles to his right was such as to cut off his escape in that direction. It is not a question of determining now with maps and charts and measurements what would have been the very wisest thing to do under all the circumstances; such a standard cannot be applied to the conduct of a boy of fifteen years of age, caught suddenly in a position of great danger which would require almost instantaneous action. The verdict of the jury against the defendant Schneider is sustained by the evidence.

The judgment is reversed as to the appellant Morris & Company and affirmed as to the defendant L. N. Schneider.

Brittain, J., and Nourse, J., concurred.