[Civ. No. 5173.   Second Appellate District, Division One.—November 20, 1925.]

KATHERINE EBY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF EMPLOYEE ON WAY TO WORK—COURSE OF EMPLOYMENT—FINDINGS—EVIDENCE.—In this proceeding before the Industrial Accident Commission to obtain an award of compensation for the death of an employee, as the result of a collision on a public highway while said employee was driving from his home to his place of employment in his own automobile used regularly for that purpose, the finding of the Commission that the evidence did not establish "that said injury and death arose out of or in the course of his employment" and the conclusion of the Commission that petitioners were not entitled to any allowance by reason of the death of said employee were supported by the evidence.

[2] ID. — MAJOR FACTOR IN JOURNEY — INCIDENTAL EMPLOYMENT.— Where the main purpose of the journey of the deceased was that of an ordinary passage from his home to his place of employment, the fact that at the time of the collision he may have been carrying in his automobile certain tools as a mere incident or as an accommodation to his employer was not sufficient to establish that his injuries and subsequent death arose out of or in the course of his employment.

(1) Workmen's Compensation Acts, C. J., p. 115, n. 37.   (2) Workmen's Compensation Acts, C. J., p. 78, n. 1 New, p. 84, n. 60.

PROCEEDING in Certiorari to review the findings and award of the Industrial Accident Commission denying compensation for death.. Award affirmed.

The facts are stated in the opinion of the court.

Thomas A. Wood for Petitioners.

Warren H. Pillsbury and W. I. Gilbert for Respondents.

HAHN, J., *pro tem.*—Petitioners herein, being the wife and surviving children of one Roy T. Eby, were granted a

1.   See 27 Cal. Jur. 380.

writ of *certiorari* to enable this court to review the findings and award of the Industrial Accident Commission of California, made in the matter of a claim filed by them under the Compensation Act and arising out of the death of the said Roy T. Eby.

[1] The facts as they appear from the record are undisputed, and may be summarized as follows: Roy T. Eby was employed by respondent J. L. Schimmer & Company as a night foreman, the Schimmer Company being engaged in cement work. Late in the afternoon of November 27, 1924, Eby, while driving from his home to his place of employment, in his own automobile used regularly for such purpose, met his death in a collision on the public highway. Previous to the accident—whether on that day or the previous day is not clear—Mr. Schimmer, his employer, had requested him to bring to the job certain small tools belonging to his employer and which were to be found at the employer's garage. After the accident two hammers and a wrecking bar about three feet in length were found in the automobile of the deceased. Schimmer, his employer was unable to identify these articles as being his property, or the tools which he had requested the deceased to bring to the job with him. It appears from the testimony of witnesses who were at the home of the deceased just prior to the time he left for his place of employment that he was seen gathering certain tools together and putting them in his automobile, and that he explained to his friends that he needed these tools on the job. There is nothing in the record to show whether these tools belonged to the deceased or belonged to his employer. It does, however, appear that in the course of his employment he had the authority to purchase or to secure such tools as were needed by the workmen for certain types of work, and that his employer left to him the matter of purchasing the necessary tools or securing them otherwise. It further appears from the record that the deceased was in the habit of going to and from his work in his own automobile, which was the one he was driving at the time of the accident.

The Industrial Accident Commission, after the case had been submitted, made a finding that "the evidence does not establish that said injury and death arose out of or

in the course of his employment.'' The conclusion of the Commission was that the petitioners herein were not entitled to any allowance by reason of the death of the said deceased.

This finding and the judgment refusing an award are assailed by the petitioners as being in conflict with the evidence. With this contention we cannot agree. It is contended that the deceased at the time of the accident was carrying tools to his place of employment at the request of and for the benefit of his employer. The record, however, does not show that the tools which were found in the automobile belonged to his employer, or were the tools which his employer had requested him to get. Furthermore, the record shows that the tools which were in the automobile were apparently gathered up by the deceased upon his own premises. Whether or not these tools belonged to the deceased or to his employer, it clearly appears that the carrying of the tools was a mere incident, or, at most, an accommodation to the employer. That the deceased, as a favor to his fellow-employees, or even his employer, may have carried from the job to his home for safekeeping certain tools, appears in the record. [2] At most, such action on his part was merely incidental to his returning home and going to his work in his automobile. Where it is sought to prove that the service being rendered at the time of the injury was rendered in the course of the employment, by reason of the fact that the employee was performing a mission for the employer, the mission ''must be the major factor in the journey or movement, and not merely incidental thereto.'' (*London Guarantee etc. Co.* v. *Industrial Acc. Com.,* 190 Cal. 587 [213 Pac. 977].) But here it does not appear that the transportation, if any there was, of tools for use on the job, was more than incidental to the main purpose of the journey, which purpose was that of an ordinary passage of the employee from his home to his place of employment.

In all of the cases cited and relied upon by the petitioners, it appears that the injury which formed the basis of the award was received during the hours of employment, or in the performance of some special duty imposed by the employer upon the employee. In the instant case it does not appear that the accident happened while the

deceased was on any errand in the course of his employment. It happened while he was on his way, as was his usual custom, to his place of employment.

We do not understand it is contended by petitioners that if the Commission was justified in its finding of fact, namely, that the deceased met his death while on his way to his place of employment, and not while in the course of his employment, they would be entitled to recover. Under these circumstances there will be no occasion to discuss in detail the principles underlying the right of recovery, or to cite authorities declaring the law on the subject. The question is wholly one of whether or not the evidence supports the finding of the Commission. As indicated in the foregoing discussion, we are of the opinion that the finding of the Commission is supported by the evidence, and therefore the award of the Commission is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 14, 1925.