[Civ. No. 1513.   Fourth Appellate District.—February 14, 1935.]

WILTIE E. HUMPHRY, Respondent, v. SAFEWAY STORES INCORPORATED (a Corporation), Appellant.

Byrne & Coughlin for Appellant.

C. O. Thompson and Fred A. Wilson for Respondent.

MARKS, J.—Respondent was injured on the morning of July 20, 1933, in an automobile accident which occurred in an intersection of public roads a little less than one mile south of Fontana in San Bernardino County. The automobile in which he was riding was being driven by J. M. Williams and came into collision with one owned and being driven by John Bachman, an employee of appellant. Respondent recovered judgment against both defendants. This appeal is taken by Safeway Stores Incorporated.

There is but one question presented which it is necessary for us to consider, namely, was Bachman acting within the scope of his employment and upon his employer's business at the time of the accident?

Appellant operates retail stores in a number of cities in Riverside and San Bernardino Counties and has its district office in the store in the city of Riverside in charge of A. C. Riggs as district manager. Bachman was in the employ of appellant as a *relief worker* in the Riverside store and had been for a period of over two years prior to the accident. When occasion demanded he was given employment as *relief manager* of the meat departments of stores in the district outside of Riverside. These occasions would arise only when the regular managers were sick or on vacation. During the year preceding the accident he had been

employed as relief manager on several separate occasions which gave him an employment in that capacity for a total time of about five weeks. Each of these employments was separate and apart from any of the others and there was no arrangement whereby he filled all the requirements for a relief manager. In 1933 he also worked on Sundays for about four months in the store of appellant at Redlands.

Bachman lived in Riverside. He had an automobile with which he transported himself from his home to the store wherever he might be working outside of Riverside. Over two years before the accident he had received mileage of about five cents a mile for a period of five days when he was transporting himself between Riverside and the store in Elsinore. After that time he received no mileage but used his automobile for his transportation at his own expense.

While acting as relief manager it was Bachman's duty to operate the meat department during the hours that the branch store was open. These hours varied in different cities. After closing hours he was required to clean up the meat department, check the cash register and make up a daily report of the business done and requisition needed supplies. According to instructions from Riggs he was required to deposit the daily reports and requisitions in the mail at the place where he was working, addressed to the district office in Riverside. When the journey from the market to his home took him by this office it was his habit to take the daily report with him and deposit it in the mail chute in the door of the main office.

On one occasion, about two years before the accident, Bachman transported meat in his automobile from the Riverside store to the Hemet store with which to fill a special order. This was done at the request of Riggs. On other occasions he transported stationery and printed matter from Riverside to other stores where he happened to be working. Riggs had no knowledge of these acts.

On July 17, 1933, Bachman was employed as relief manager of the meat department in appellant's store in Fontana. That store was kept open from 7 o'clock in the morning until 6 in the afternoon. He was required to report for duty at the opening time and was through for the day as soon after the closing time as he had cleaned the market and made out and mailed his daily reports. He continued

to live in Riverside and traveled in his automobile between his home and the store in Fontana. As his journey took him by the main store in Riverside he carried his reports with him and deposited them in the mail chute there. Appellant did not require that he live in Riverside nor that he travel back and forth between his home and the place of his work. His place of abode was a matter of his own choosing as was the means of transportation used in going to and from his work. He could have lived in Fontana or any other place and have taken any available means of transportation he desired to get to and return from his place of employment. After Bachman's work was done his employer had no control over him until his duties commenced on the following day.

On Wednesday evening, July 19, 1933, Bachman being desirous of attending a lodge installation in Colton, did not stop on his return from work to deposit his daily report in the mail chute but left his home shortly after 6 o'clock the next morning in his automobile, stopped at the main store in Riverside, deposited the daily report in the mail chute and continued on his journey to Fontana. The accident in which respondent was injured happened on this journey and before he reached his destination.

The foregoing is a summary of all the evidence in the record bearing on the question before us. Under it appellant maintains that there is no evidence in the record supporting the implied finding of the jury that Bachman was on his employer's business or was acting within the scope of his employment at the time of the accident. This contention must be sustained. Among the many cases supporting this conclusion we cite the following: *Nussbaum* v. *Traung Label etc. Co.,* 46 Cal. App. 561 [189 Pac. 728]; *Mauchle* v. *Panama-Pacific International Exp. Co.,* 37 Cal. App. 715 [174 Pac. 400]; *Kish* v. *California State Automobile Assn.,* 190 Cal. 246 [212 Pac. 27]; *Hirst* v. *Morris & Co.,* 45 Cal. App. 358 [187 Pac. 770]; *Enterprise Foundry Co.* v. *Industrial Acc. Com.,* 206 Cal. 562 [275 Pac. 432]; *Dellepiani* v. *Industrial Acc. Com.,* 211 Cal. 430 [295 Pac. 826]; *Hall* v. *Puente Oil Co.,* 47 Cal. App. 611 [191 Pac. 39].

In *Enterprise Foundry Co.* v. *Industrial Acc. Com., supra,* the Supreme Court said: ''Decedent's hours of employment

were from 8 A. M. to 4:30 P. M., and in addition thereto he sometimes outlined his work for the following day while sitting at home after supper. On the morning of July 8, 1926, he left home about 7:30 A. M., evidently headed for his place of work. When but two and a half blocks from it he was shot in the leg by some unknown party who drove away in an automobile. The injury resulted in his death two days later. He left surviving him his wife and two minor children, respondents herein. The commission found that said injury was sustained in the course of and arising out of decedent's employment and made the aforesaid award in favor of his widow, which award petitioners here seek to have annulled. . . . The general rule, sometimes designated the 'going and coming rule' which has been considered and applied by this court in numerous cases, is that where the person injured is employed to perform service at or in a particular plant or upon particular premises and where the injury claimed to be compensable is inflicted while he is going to or returning from his place of employment or where he has left the place of employment on an errand personal to himself, said injury inflicted under such circumstances is not compensable. . . . His method of going to and returning from work, which was of his own choosing and was separate and apart from his employment, remained as it had always been, uncontrolled and uninfluenced by his employer. . . . In other words, said injury having been received while the employee was walking to his work, prior to entry of his employer's premises and at a time 'when he was not engaged in any service whatsoever for his employer, or any service incidental to or in the course of his employment, it is not compensable.''

Respondent seeks to avoid the effect of the foregoing rule under authority of *Brown* v. *Montgomery Ward Co.*, 104 Cal. App. 679 [286 Pac. 474], *London & Lancashire Co.* v. *Industrial Acc. Com.*, 35 Cal. App. 681 [170 Pac. 1074], and similar decisions. In each of these cases the employee had a roving commission. His employment took him from a principal place of business over a considerable territory and back to his starting point. In each case the accident happened before the return to the starting point. Bachman had no such commission. His employment in each one of the stores outside of Riverside was separate from any other

and was under a separate contract. When he was finished in one place that particular employment was ended. He was employed during definite hours at a particular place. In fact it appears that Bachman was unemployed during the major part of the year preceding the accident. During the week of the accident he was employed to work each day at Fontana from 7 o'clock in the morning until such time after 6 o'clock in the afternoon as he had completed his labors. The rest of the time was his own. As the accident happened before he reached his place of employment he was on his own business, that of going to work, not on his employer's business.

Respondent suggests that as the accident happened after 7 o'clock in the morning, and as it happened during the time for which Bachman was paid, his employer should be held liable. One witness testified that he thought the accident happened after 7 o'clock. The great preponderance of the evidence fixed it before that hour. The time of the accident alone is not important. Bachman's duties for his employer did not commence before he reached the place of his employment. The mere dereliction of tardiness on his part could not alone fix liability on his otherwise blameless employer. Because he was late in going to work could not make the journey to work any less his own business or any more his employer's business.

Respondent urges that "the delivery of the daily reports to the Riverside office was one of the duties of the 'relief manager'" and from this he argues that the journeys between Riverside and Fontana were within his employment and that while so traveling he was on his employer's business. The first fallacy of this argument is that the evidence does not support the quoted statement. The second is that it was a mere incident of his journey to and from work. (*Eby* v. *Industrial Acc. Com.*, 75 Cal. App. 280 [242 Pac. 901].) The third is that his instructions were to mail the daily reports in Fontana. His taking them to the store in Riverside was a voluntary act on his part. However, if we may assume that the employer acquiesced in this act it was completed when he deposited the report in the mail chute. Only on one occasion, the day of the accident, did he deposit a report on the morning following its date. On all other occasions he deposited the reports on the evenings

of the days they were prepared. The duty, if it can be so considered, ended with the deposit of the report. Thereafter his time was his own and his employer had no control over him until he again reported for work at its place of business.

Respondent urges that the question of whether the employee was on his employer's business and acting within the scope of his employment was one for the jury and that body having resolved the question against appellant the implied finding cannot be disturbed on appeal. He cites the cases of *Dillon* v. *Prudential Ins. Co.*, 75 Cal. App. 266 [242 Pac. 736], *George* v. *Chaplin*, 99 Cal. App. 709 [279 Pac. 485], and *Gayton* v. *Pacific Fruit Express Co.*, 127 Cal. App. 50 [15 Pac. (2d) 217], in support of the announced rule. We have no quarrel with the rule where there is a conflict in the evidence on the question, or reasonable conflicting inferences concerning it to be drawn from the evidence. In the instant case there is an entire lack of any evidence supporting the theory that Bachman was on his employer's business or acting within the scope of his employment at the time of the accident. Under this circumstance the question is one of law for the court, namely, is the implied finding supported by any evidence? (*Houghton* v. *Loma Prieta Lumber Co.*, 152 Cal. 574 [93 Pac. 377].)

Appellant has appealed from an order denying its motion to retax the costs. As the judgment must be reversed, which will include the vacation of that portion of the judgment awarding respondent costs, it is not necessary to discuss the questions presented by the appeal from this order.

The judgment against appellant is reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1935.