393 P.2d 397

**The STATE INSURANCE FUND, (administered by the Director of Finance), Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of Utah and Mary Merkley Sander, Defendants.**

No. 10008.

Supreme Court of Utah.

June 23, 1964.

F. A. Trottier, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., George C. Morris, Salt Lake City, for defendants.

CALLISTER, Justice.

The State Insurance Fund seeks a review of an order of the State Industrial Commission awarding Workmen's Compensation benefits to the widow of Isabrand Sander. Mr. Sander was killed in an automobile accident and the only question to be resolved is whether the Commission erred in finding that the deceased was in the course of his employment at the time of the fatal collision.

Mr. Sander was the president of I. Sander, Inc. He died almost instantly on Saturday morning, August 4, 1962, when the automobile he was operating in a westerly direction on 4th South Street in Salt Lake City crashed into a concrete bridge near 10th West Street. He had no passengers.

I. Sander, Inc., maintained an office at 1815 West 5th South Street. Across town, to the east, Mr. and Mrs. Sander lived in apartment # 8 of the Ivanhoe Apartments, 417 East 3rd South Street. In the same apartment house, Mr. Sander utilized # 14 as an office. On the morning of the accident, Mr. Sander left # 8 about 7:00 a. m. and went to # 14. He remained there until approximately 7:30 a. m. when his wife called him by telephone and informed him that breakfast was ready. He returned to # 8, ate his breakfast, and departed at about 8:00 a. m., without advising his wife of his plans for the day. Nothing further was heard of him until the accident which happened at approximately 9:40 a. m.

Witnesses for the claimant testified that it was the custom of the deceased to go to the "east-side office" (apt. # 14) every morning, including Saturday, at approximately eight o'clock. And, while he did not have a desk at the "west-side office,"

he made frequent and periodic visits there. On the day of the accident, he had a promotional device, designed to aid the business, in the trunk of his car.

There is some question as to whether the business or Mr. Sander paid the rent on # 14. However, there is no dispute that he did have a desk, telephone and other office equipment there. It is not revealed that he had any other occupation or business other than that with I. Sander, Inc. The latter paid for the insurance and gas and oil for the automobile which he was driving at the time of the accident.

The Commission found, among other things, that:

> "Although we have no evidence, other than custom, we believe that the evidence adduced supports a finding that the deceased was on his way from the east side office to the west side office at the time of the fatal injury."

The Fund contends that there is no evidence, direct or custom, that the deceased had returned to # 14 after his breakfast, and then had proceeded therefrom to visit the west-side office.[1] It is not necessary to refer to the numerous cases in which this court has held that an employee is not covered by the Workmen's Compensation Act while going to or from work. Certainly, if Mr. Sander had merely arisen

1. Evidently the Fund would concede that the death was compensable if there was direct evidence that deceased was on his

way from an east-side office to a west-side office at the time of the accident.

that fatal morning, had his breakfast, and then left his apartment to drive to the west-side office, we would have no problem—his death would not be compensable.

■ However, we do have the fact that he did go to the office in # 14 before breakfast. What he did there must, except for custom, be pure conjecture. But, he did go there and the evidence sufficiently establishes that # 14 was utilized as an office in conjunction with the business of I. Sander, Inc. This being so, it seems immaterial whether or not he returned there after breakfast. If he were actually going from one office to another, the mere fact that he made a stop to have breakfast would not necessarily take him out of the course of his employment.[2]

■ Mr. Sander, according to undisputed testimony did visit apt. # 14 on the fatal morning. He met his death while traveling his usual route to the west-side office. These facts, when coupled with competent evidence of the long-established customs of the deceased, give ample support for the Commission's conclusion that he was in the course of his employment at the time of the accident.

Affirmed. Costs to defendants.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

2. Kahn Bros. Co. v. Industrial Commission, 75 Utah 145, 283 P. 1054 (1929).