**RAYTHEON COMPANY, Plaintiff,**

v.

**John D. McLELLAN, Jr., Deputy Commissioner, United States Department of Labor, Defendant.**

**Civ. A. No. 69–694.**

United States District Court
D. Massachusetts.

Oct. 8, 1969.

Maurice F. Shaughnessy and Phillander S. Ratzkoff, Parker, Coulter, Daley & White, Boston, Mass., for plaintiff.

Leo J. Hession, Wellesley, Mass., for intervenor.

Stanislaw R. J. Suchecki, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

This action is brought by plaintiff Raytheon to have the court review and set aside as not in accordance with law a compensation order filed by the defendant Deputy Commissioner in favor of Frank E. Rogowski (the claimant), an employee of Raytheon. The order was pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 33 U.S.C. § 901 et seq., as extended by the Defense Bases Act, 55 Stat. 622, as amended, 42 U.S.C. § 1651 et seq. The jurisdiction of this court is invoked under § 1653(b) of that Act incorporating 33 U.S.C. § 921(b).

At all times relevant to the compensation order the claimant was employed as a field engineer assigned to the "Raytheon site" at the Feltwell RAF Base in England. He was a shift leader and on the day in question was to work from midnight to 8 A.M. the following morning. He resided about 8 to 12 miles from the work site and he used his own car in traveling to and from that site.

On the evening of the accident claimant had been at the United States Air Force Base at Lakenheath, which was a few miles from his residence in an opposite direction from the project site. This was the "Raytheon Host Base" where claimant spent much of his off-duty time and where Raytheon employees often mixed business with the pleasure of the companionship of fellow Americans. At the Officers Club there he had eaten with Bob Terjak, his immediate supervisor, and with Milan Smith, the Raytheon official in overall charge of the site and project. Since the claimant had been off duty the previous two nights and was to commence work on the midnight shift on that night, it was necessary for him to receive instructions from his two superiors. This was especially so in light of the fact that at this time there were specific problems at the site which would demand the claimant's attention. In a somewhat social atmosphere these business problems were discussed both at dinner and later at Mr. Smith's home where the claimant had driven with Mr. Terjak, at the latter's suggestion, so that the claimant could receive final instructions as to his duties that night as shift leader at the site.

At approximately 11:45 P.M. they left Mr. Smith's house and the claimant drove Mr. Terjak back, beyond the road that would have led directly to the site, to Mr. Terjak's car at the USAF Base. From the Base, the claimant then proceeded on his usual route to the work site. On the way, however, and at a time after midnight when he would ordinarily have been at work at the site, the claimant was involved in a vehicular accident which rendered him a paraplegic and from which arose this compensation order.

The plaintiff contends that the Deputy Commissioner's order cannot stand because, first, there was not timely notice of the injury; and second, the finding that the injury arose out of and in the course of employment is incorrect as a matter of law.

■ The first contention is plainly without merit. The point has not been pursued by the plaintiff subsequently to the filing of the complaint. The uncontested finding of the Deputy Commissioner was that though written notice of the injury was not given within thirty days, the employer had knowledge of the injury and was not prejudiced by the lack of that notice. This is all that the statute requires. 33 U.S.C. § 912(d).

■ With respect to the second contention, it must first be noted that the scope of this court's review is limited. In a case such as this the general rule is that the inferences drawn by the Deputy Commissioner with respect to his determination that a particular injury arose out of and in the course of employment are to be accepted unless they are unsupported by substantial evidence on the record as a whole. See, e. g., O'Leary v. Brown-Pacific-Maxon, 1950, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; O'Keeffe v. Smith, Hinchman & Grylls Assoc. Inc.,

1964, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895.

Plaintiff argues that this case falls into that normally noncompensable category of cases which hold that travel to and from work is personal and nonbusiness in character. E. g., Cardillo v. Liberty Mutual Insurance Co., 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Chernick's Case, 1934, 286 Mass. 168, 189 N.E. 800. It contends that once claimant's supervisor, Terjak, was out of the picture the business discussions were over and that the claimant was simply driving his automobile to the work site by the usual route for his regular shift.

We do not agree. Plaintiff does not take into account the aura of business that permeated the entire evening. Had there been no prior business discussions, the claimant would have been free to leave for work at any reasonable time from any reasonable place. Because of the discussions, however, he had to drive out of his way to bring his supervisor to his car at an hour which left little chance for him to arrive at the site in time for his regular shift. We cannot say that this time element did not augment the degree of hazard of this particular journey to work.

Moreover, there is a nexus between the journey and the undisputed employment activities both before and after. The business discussions related to the very work he was to do that night. He was leaving an area where instructions were given to reach the site where those instructions were to be implemented.

When viewed in this fashion there is a strong analogy to those cases ruling that travel between two parts of an employer's premises is considered part of the employment. See e. g. Liberty Mutual Ins. Co. v. O'Hearne, D. Hawaii, 1946, 66 F.Supp. 875; State Insurance Fund v. Industrial Comm'n, 1964, 15 Utah 2d 363, 393 P.2d 397. The principle in these cases is extended to situations where an employee performs a regular part of his work at home, thus identifying his home as part of the employment premises and compensation is awarded for injuries during travel to the home where some business is carried on. See Proctor v. Hoage, 1935, 65 U.S.App.D.C. 153, 81 F.2d 555; Martin v. Hasbrouck Heights Bldg., Loan & Savings Ass'n., 1945, 132 N.J.L. 569, 41 A.2d 898, and generally 1 Larson, Workmen's Compensation Law (1968) § 15.14. In this latter group of cases, the business element is at best only a concurrent reason for the trip home. The instant case is *a fortiori* claimant having only a business purpose in reaching the work site.

We therefore conclude that there is substantial evidence in the record as a whole to support the Deputy Commissioner's determination that the employment relationship which began with the business discussions was not simply suspended or interrupted once the claimant reached his usual route to work and that therefore the injury occurring on that route arose out of and in the course of his employment. The order of the Deputy Commissioner is affirmed and the complaint is dismissed.