[S.F. No. 23300. In Bank. Feb. 13, 1976.]

DOROTHY WILSON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
OAKLAND UNIFIED SCHOOL DISTRICT et al., Respondents.

**COUNSEL**

Van Bourg, Allen, Weinberg, Williams & Roger, Levy, Van Bourg & Hackler and Frank J. Reilly for Petitioner.

T. Groezinger, James J. Vonk, George S. Bjornsen and Glenn W. Groenewold for Respondents.

## OPINION

**CLARK, J.**—Applicant seeks review of a Workers' Compensation Appeals Board decision vacating a referee's compensation award and holding that her injury did not arise "out of and in the course of employment." (Lab. Code, § 3600.) We affirm the board's order.

After driving her children to their school, applicant, a grade school teacher, sustained injury in an automobile accident driving to her school. Her car contained a small bag of thread spools for use in art class, materials graded at home the previous evening, and a few books, including her teaching manual.

The employing school district did not require instructors to commute in their personal cars. The school grounds were unitary and teachers did not travel elsewhere during the day. Public transportation was available and regularly used by at least one teacher. Since the class schedule did not include a specific period for planning lessons or grading papers, instructors commonly performed these duties at school outside class periods or at home in the evening. Teachers could complete class preparation at school but usually chose to work at home for their own convenience.

Although the school library contained a curriculum guide which, among other things, urged teachers to enliven lectures and to awaken pupil imagination with home-gathered sketches, charts, maps and other demonstrational materials, the school district did not require teachers to read the guide or to comply with its suggestions. Moreover, the district supplied adequate quantities of art materials for the children's use.

The board denied benefits after making the following principal findings: (1) applicant's home was not a second jobsite because her activities outside school hours were matters of personal choice, (2) only convenience motivated applicant's automobile trip, and (3) the "transportation of the work-related items was not a major part of the trip, nor even a significant alternative reason for the trip."

The "going and coming" rule provides that workers' compensation does not ordinarily compensate injuries sustained while the employee travels to or from work. (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1975) § 9.03[3], subd. [b].) In *Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150 [104 Cal.Rptr. 456, 501 P.2d 1176], this court stated that the going and coming rule makes noncompensable "the injury that occurs during a local commute enroute to a fixed place of business at fixed hours in the absence of special or extraordinary circumstances. The decisions have thereby excluded the ordinary, local commute that marks the daily transit of the mass of workers to and from their jobs; the employment, there, plays no special role in the requisites of portage except the normal need of the presence of the person for the performance of the work." (8 Cal.3d at p. 157.)

Applicant contends that, although the accident occurred during her regular commute, she is entitled to exemption from the going and coming rule because exceptional circumstances are established by her performing work at home the night before the accident and by her transporting work-related items—the graded materials and the spools —to class.

Work done at home may exempt an injury occurring during a regular commute from the going and coming rule if circumstances of the employment—and not mere dictates of convenience to the employee— make the home a second jobsite. If the home becomes a second business situs, the familiar rule applies that injury sustained while traveling between jobsites is compensable. (*Western States etc. Co.* v. *Bayside L. Co.* (1920) 182 Cal. 140 [187 P. 735]; *State Ins. Fund* v. *Industrial Comm.* (1964) 15 Utah 2d 363 [393 P.2d 397]; 1 Larson, Workmen's Compensation Law, § 15.14; cf. *Pacific Indem. Co.* v. *Industrial Acc. Com.* (1946) 28 Cal.2d 329 [170 P.2d 18]; *Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com.* (1943) 21 Cal.2d 751 [135 P.2d 158].) However, if work is performed at home for the employee's convenience, the commute does not constitute a business trip, since serving the employee's own convenience in selecting an off-premise place to work is a personal and not a business purpose. (1 Larson, Workmen's Compensation Law, *supra,* § 18.33.)

The record compels the board's determination that applicant's home did not constitute a second jobsite warranting exemption from the going and coming rule. The explicit job requirements demanded only that she report to the school grounds—nowhere else. Her employer's

implicit requirement to work beyond classroom hours did not require labor at home. Teachers often worked after 3:15 in the school building unless their broad personal freedom vis-a-vis the nature and hours of class preparation led them home for the sake of convenience. There is no claim that facilities at school were not sufficient to permit completion of the preparatory chores.

That applicant's type of work regularly is performed at home must not disturb the board's determination. The contemporary professional frequently takes work home. There, the draftsman designs on a napkin, the businessman plans at breakfast, the lawyer labors in the evening. But this hearthside activity—while commendable—does not create a white-collar exception to the going and coming rule.

Because applicant performed work at home for her own convenience, transporting work-related materials to facilitate her work there was also for personal convenience, furnishing no basis for exception from the going and coming rule.

Transporting the spools may have been essential to applicant's employment, but unless such materials require a special route or mode of transportation or increase the risk of injury—their mere transport does not warrant exception from the going and coming rule. (See *Hinson* v. *Workmen's Comp. Appeals Bd.* (1974) 42 Cal.App.3d 246, 251 [116 Cal.Rptr. 792]; *State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (1973) 29 Cal.App.3d 902, 907 [106 Cal.Rptr. 39]; *Humphry* v. *Safeway Stores Inc.* (1935) 4 Cal.App.2d 589, 594-595 [41 P.2d 208]; *Eby* v. *Industrial Acc. Com.* (1925) 75 Cal.App. 280, 282 [242 P. 901]; see 1 Larson, Workmen's Compensation Law, *supra*, § 18.24.) Such cartage is common and must be viewed as incident to the commute rather than as part of the employment.

The small bag of spools did not call for a particular mode or route of transportation nor did it increase the risk of injury. Therefore, the facts of this case show a regular commute without special or extraordinary circumstance warranting exception from the going and coming rule. The decision of the Workers' Compensation Appeals Board is affirmed.

Wright, C. J., McComb, J., Sullivan, J., and Richardson, J., concurred.

**TOBRINER, J.**—I dissent. In my view, the opinion of the Court of Appeal, First Appellate District, Division Four, prepared by Justice

Winslow Christian, properly concluded that on the facts of this case the applicant's injury was compensable under this court's decision in *Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 160 [104 Cal.Rptr. 456, 501 P.2d 1176]. Agreeing with the analysis set forth in Justice Christian's opinion, I adopt that opinion as my dissent. Such opinion (with appropriate deletions and additions as indicated) follows:*

Dorothy Wilson, a teacher in the Oakland public schools, [] was driving to school from her home when her car was struck by another car and she was injured. At the time of the accident, petitioner had with her in the car report cards which she had graded the night before, books, and teaching materials. The board denied benefits on the basis of the "going and coming rule" which holds noncompensable "the injury that occurs during a local commute enroute to a fixed place of business at fixed hours in the absence of special or extraordinary circumstances." (*Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 157 [104 Cal.Rptr. 456, 501 P.2d 1176].) An injury incurred during such travel is compensable, however, in "special" situations "in which the employer, because of benefit to himself, places an extraordinary requirement upon the employee, thereby re-establishing the employment relationship in the case of transit, and imposing liability on the employer in the case of the employee's injury." (8 Cal.3d at p. 159.)

[] At the time of the accident, petitioner was carrying report cards, papers, books, art activities material, and sewing thread spools in her car. On prior occasions petitioner had brought heavy or bulky objects to school, such as an 80-pound sack of sand, wax for candles, and 2-foot by 4-foot posters to be used as reading aids.

One of the "special" situations described by the court in *Hinojosa, supra,* is that in which the employee is "expressly or impliedly required or expected to furnish his own means of transportation to the job. . . ." (8 Cal.3d at p. 160.) In *Smith* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 814 [73 Cal.Rptr. 253, 447 P.2d 365], the employee, a social worker, was required to bring his automobile to work to respond to emergency calls and to visit clients; an injury incurred in travel was therefore compensable. If petitioner was expressly or impliedly required to bring articles to school which required automobile transportation, she

---

*Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote my own insertions or additions. (*Keizer* v. *Adams* (1970) 2 Cal.3d 976, 978, fn. 1 [88 Cal.Rptr. 183, 471 P.2d 983].)

would be "required or expected to furnish [her] own means of transportation to the job," and thus would come within this exception to the "going and coming" rule.

, Two questions emerge: first, was petitioner expressly or impliedly required to transport objects to school for use by her students? Second, were the objects she transported such that use of an automobile would be required?

There was uncontradicted evidence that petitioner was encouraged to bring materials to the classroom. The school principal testified that teaching materials are normally supplied, but that teachers are encouraged to devise special projects and to bring in such material as may be needed for their projects. A curriculum guide given to primary grade teachers by the school district states that a teacher should collect pictures and "concrete items related to units of work: A railroad spike, a trainman's lantern, a bus driver's punch, a milkman's hat can be examined closely, and also used in dramatic play."

Although petitioner was not expressly or impliedly *required,* as a condition of her employment, to bring any specific materials to school, or to bring materials at any specific time, there was uncontradicted evidence that she could not have fulfilled her professional responsibilities at the level expected by the employer if she had not done so. Petitioner provided a benefit to the school district by supplying additional teaching materials. Employer benefit is a significant factor in determining whether an exception to the going and coming rule is appropriate. (*Hinman* v. *Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 962 [88 Cal.Rptr. 188, 471 P.2d 988]; also see *McCarty* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 677, 681-682 [117 Cal.Rptr. 65, 527 P.2d 617].)

The record does not disclose how large, heavy or bulky were the books, report cards and spools which petitioner took to school on the date of the accident. However, she testified, without contradiction, that the materials were "difficult to handle;" thus it is to be inferred that the use of a car was necessary to transport the objects. []

[Accordingly, I conclude that the decision of the Worker's Compensation Appeals Board, denying the applicant benefits, should be reversed.] ,

Mosk, J., concurred.