[Civ. No. 10983.  Second Appellate District, Division Two.—September 5, 1936.]

HELEN STUMAR, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

F. Britton McConnell and Conant Wait for Petitioner.

Everett A. Corten, Emmet J. Seawell and Willis I. Morrison for Respondents.

WOOD, J.—Petitioner seeks to review a decision of the Industrial Accident Commission by which she was denied compensation for the death of her husband, Charles Stumar, who was killed while landing an airplane at a location of his employer, Universal Pictures Corporation.

There is no conflict of consequence in the evidence. Universal Pictures Corporation was about to make a picture, "Storm Over The Andes". At a point, which will be called the location, about thirty miles from the main studio of the producing company there had been erected a set for the purpose of taking motion pictures. It was necessary to take some of the pictures from an airplane. According to the company's original plans the taking of the picture was to commence on Monday, July 1, 1935, and the picture required that the set be completed by the night of Saturday, June 29th. Charles Stumar was the chief camera man for the production, and George H. Wiley, who was killed in the same accident with Stumar, was the art director for the production. It was Stumar's duty to inspect the set before the producing company commenced the taking of pictures. Wiley had designed the set in question and it was his duty to inspect the set after its completion to see that it was built according to the plans and specifications. The chief camera man had the right to instruct the art director to prepare a set in such way as to suit his purposes. It was customary for both men to make inspection without specific instructions and on their own initiative. Stumar was working on a different picture on Saturday, the 29th, and did not expect to finish in time to inspect the new set on that day. Accordingly he engaged the services of a pilot to take him to the new location on Sunday morning. The work on the old picture, however, was completed earlier than expected on Saturday, so that Stumar could leave at 5:45 P. M. Stumar and Wiley at once started in Stumar's private airplane for the new location, in time to arrive at that point before the superintendent of construction had left and in time to inspect the set before dark. On arriving at the location they circled the field once and in attempting to land both were accidentally killed. It was optional with Stumar whether he should use his own transportation in going to location

or transportation furnished by the company. Stumar was a licensed airplane pilot. He had not been instructed by any official of the company not to use his own airplane for transportation on company business.

In its answer respondent commission states: "The sole issue in this case is whether or not the injuries received by Charles Stumar, deceased, on June 29, 1935, arose out of and occurred in the course of his employment." ▉ The commission erred in ruling that the injuries did not occur in the course of Stumar's employment. Unquestionably he was performing his duties in attempting to inspect the set. Since Stumar was not going to the usual place of business of his employer the petition herein may not be defeated by the general rule applicable to those going to and coming from work. He had the right to use his discretion as to means of transportation. Indeed it might be well argued that he was showing industry and diligence in taking advantage of the daylight on Saturday afternoon to make the inspection while the superintendent of construction was still there. By using his airplane he could arrive at the location in time to afford more time for inspection than by using an automobile. ▉ Respondents refer to certain testimony given by Stumar's superior officer in the company to the effect that Stumar would not have been permitted to use his own airplane for the inspection if the matter had been submitted to him. This testimony is not sufficient to defeat petitioner's claim. The rights and liabilities of the employer and employee must be determined in the light of the circumstances existing at the time of and before the accident. An employer may not, after the occurrence of an accident, defeat a just claim by merely asserting that he would not have authorized the course pursued by the employee. Nor can the claim be defeated on the suggested theory that it was not shown that the employer had acquiesced in the use of Stumar's airplane. Stumar was vested with and required to use initiative and discretion in the performance of his duties. The exercise of initiative and discretion is inconsistent with the requirement of prior acquiescence.

The order of the commission denying compensation is annulled and the matter remanded to the commission for

further proceedings not inconsistent with the views hereinabove expressed.

Crail, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1936.