[Civ. No. 19265. Fourth Dist., Div. Two. Mar. 1, 1978.]

DOROTHY D. BRAMALL, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
EUGENE E. DUNNINGTON et al., Respondents.

**COUNSEL**

William A. Parsons for Petitioner.

James J. Vonk, Robert M. Jakob, Arthur Hershenson and Frank Evans for Respondents.

**OPINION**

TAMURA, J.—Petitioner filed a workers' compensation claim for injuries she sustained in an automobile accident while en route to her home from her place of employment. The workers' compensation judge found that the injury occurred in the course of employment but the board, on reconsideration, determined that the homeward trip was governed by the normal "going and coming" rule and vacated the judge's decision. Petitioner seeks review and annulment of the board's decision. We have decided that the circumstances of this case bring it within the dual purpose exception to the "going and coming" rule and that the board's decision should be annulled.

The evidence was virtually without conflict; it consisted of petitioner's testimony, her written statement and the testimony of her employer.

In her testimony and written statement, petitioner stated: She was employed as a legal secretary. While driving home at the end of the business day, she was injured in an automobile accident in which she sustained injuries for which she is seeking compensation. Her automobile contained two 50-page depositions, each in Spanish. It was part of her secretarial duties to translate the depositions into English and she was taking them home for that purpose. There was an urgency to complete the work because the deponent was a migrant farm worker who was about to leave the area. Because of the critical context of the depositions and the importance of accurate translation, the work required uninterrupted concentration. The after-hours environment of the office rendered it extremely difficult to perform the task there. An attorney who shared the law office with petitioner's employer came to the office regularly about 5 p.m. and remained there until 7 or 8 p.m. During that period, his clients would come in and he would receive telephone calls. Those distractions would have precluded petitioner from properly performing her translation work at the office. The after-hours conditions of the office, coupled with the fact that she "had to go home and fix dinner" for her family prompted her to take the depositions home. She had in the past followed the practice of taking depositions and affidavits home for translation from Spanish to English. She could not recall whether her employer had instructed her to take the depositions home on this occasion, but he had done so in the past. Although petitioner was not paid overtime for work at home, she took compensating time off and longer lunch breaks to make up for it.

Petitioner's employer testified as follows: Although he did not recall ever specifically instructing petitioner to take work home, he expected timely completion of all work he gave her. He knew that she normally took depositions home for translation and approved of the practice. On the day in question, had she told him that she could not complete the work at the office and that she wanted to take the work home, he would have given his approval "because that was a normal procedure; that is what she normally did." Petitioner was not paid travel expenses to and from the office.

The board opined that the facts of this case paralleled those in *Wilson* v. *Workers' Comp. Appeals Bd.,* 16 Cal.3d 181 [127 Cal.Rptr. 313, 545 P.2d 225], and, therefore, did not exempt petitioner from the "going and coming" rule. In the board's view, petitioner was taking the depositions home for her own convenience because in her written statement she had said, "For my own convenience I bring the work home rather than stay at the office late so that I will not be bothered." The board found that petitioner did not sustain an injury "arising out of and occurring in the" course of her employment and ordered that she take nothing on her claim.[1]

Petitioner contends the facts of this case are materially distinguishable from those in *Wilson* v. *Workers' Comp. Appeals Bd., supra,* 16 Cal.3d 181, and that the board erred in holding the injuries noncompensable. We agree.

■ Preliminarily we summarize the pertinent principles governing our function in reviewing the board's decision. Our obligation is to review the entire record to determine whether the board's conclusion is supported by substantial evidence rather than to simply isolate evidence which supports the board's decision, ignoring other relevant facts which rebut or explain that evidence. (*Garza* v. *Workmen's Comp. App. Bd.,* 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451]; *LeVesque* v. *Workmen's Comp. App. Bd.,* 1 Cal.3d 627, 638-639, fn. 22 [83 Cal.Rptr. 208, 463 P.2d 432]; *Greenberg* v. *Workmen's Comp. Appeals Bd.,* 37 Cal.App.3d 792, 799 [112 Cal.Rptr. 626].) Where pertinent facts are not in real dispute, the question whether an injury occurred in the course of employment presents a question of law and a reviewing court is not bound by the board's conclusory finding on that issue. (*Dimmig* v. *Workmen's Comp.*

[1]Commissioner Glow reluctantly concurred in the board's decision believing he was compelled to do so by *Wilson* v. *Workers' Comp. Appeals Bd., supra,* 16 Cal.3d 181.

*Appeals Bd.,* 6 Cal.3d 860, 864 [101 Cal.Rptr. 105, 495 P.2d 433]; *Reinert v. Industrial Acc. Com.,* 46 Cal.2d 349, 358 [294 P.2d 713].)

In the case at bench, the facts we have recited above are not disputed. The question is whether under those facts petitioner's claim was barred by the "going and coming" rule.

■  In California the "going and coming" rule is of judicial rather than statutory origin. (*Hinojosa* v. *Workmen's Comp. Appeals Bd.,* 8 Cal.3d 150, 153 [104 Cal.Rptr. 456, 501 P.2d 1176].) The rule denies compensation benefits for injuries suffered by an employee during a regular commute to and from the place of employment, the theory being that ordinarily "the relationship of employer and employee is suspended from the time the employee leaves his work to go home until he resumes his work." (*Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com.,* 21 Cal.2d 751, 754 [135 P.2d 158]; accord *Zenith Nat. Ins. Co.* v. *Workmen's Comp. App. Bd.,* 66 Cal.2d 944, 947 [59 Cal.Rptr. 622, 428 P.2d 606].) The rule, however, has been widely criticized and is riddled with a number of exceptions. (See *Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d 150, 156; *Guest* v. *Workmen's Comp. App. Bd.,* 2 Cal.3d 670, 672 [87 Cal.Rptr. 193, 470 P.2d 1]; *Schreifer* v. *Industrial Acc. Com.,* 61 Cal.2d 289, 291 [38 Cal.Rptr. 352, 391 P.2d 832].) Among the numerous exceptions, the common thread running through all being benefit to the employer, the one particularly apposite to this case is the dual purpose exception when work is performed at home.

In proper circumstances, the dual purpose exception applies to a local commute to and from the place of employment when the employee performs work at home. (*Goodrich* v. *Ind. Acc. Com.,* 22 Cal.2d 604, 609 [140 P.2d 405]; see *Wilson* v. *Workers' Comp. Appeals Bd., supra,* 16 Cal.3d 181, 184; *Burchett* v. *Delton-Kellogg School* 378 Mich. 231 [144 N.W.2d 337, 338-339]; 1 Larson, The Law of Workmen's Compensation (1972) §§ 18.31, 18.33; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1977) § 9.03[4][b][i].) Earlier decisions in this state relied upon the "dominant" purpose test in determining whether the particular factual circumstances of a case brought it within the dual purpose exception. Thus, in *London G. & A. Co.* v. *Industrial Acc. Com.,* 190 Cal. 587, 589 [213 P. 977], the court said that if an employee going to or from his place of employment is on a substantial mission for his employer and the mission is "the major factor" in the journey, he would be under the protection of the workers' compensation law. The "dominant" purpose test has been criticized on the ground

compensability should not depend on the relative weight of personal and business motives, but rather on whether the business motive was a concurrent cause of the trip. (1 Larson, *supra,* § 18.13, pp. 4-159 - 4-161.)

Later decisions in this state have, at least by implication, abandoned the dominant purpose test. In *Goodrich* v. *Ind. Acc. Com., supra,* 22 Cal.2d 604, the court alluded to the "major factor" test recited in *London G. & A. Co.* v. *Industrial Acc. Com., supra,* 190 Cal. 587, 589, but held the injury occurred in the course of employment, even though the court recognized that the test was not strictly met. (*Id.,* at pp. 608-609.) In *Lockheed Aircraft Corp.* v. *Ind. Acc. Com.,* 28 Cal.2d 756 [172 P.2d 1], the court declared the "established rule" to be: "That where the employee is combining his own business with that of his employer, or attending to both at substantially the same time, no nice inquiry will be made as to which business he was actually engaged in at the time of injury, unless it clearly appears that neither directly [n]or indirectly could he have been serving his employer." (*Id.,* at pp. 758-759.)

More recently, in *Dimmig* v. *Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d 860, the court relied in part on the test approved in *Reinert* v. *Industrial Acc. Com., supra,* 46 Cal.2d 349, 353 (quoting from *Employers' etc. Corp.* v. *Ind. Acc. Com.,* 37 Cal.App.2d 567, 573 [99 P.2d 1089]), and stated: " ' " 'The true rule to be derived from the cases is that the injury is compensable if received while the employee is doing those reasonable things which his contract of employment expressly or impliedly authorizes him to do.' " ' " (*Dimmig* v. *Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d 860, 865.) In *Hinman* v. *Westinghouse Elec. Co.,* 2 Cal.3d 956 [88 Cal.Rptr. 188, 471 P.2d 988], the court, after reviewing decisions in the tort and workers' compensation fields, concluded: "The above cases indicate that exceptions will be made to the 'going and coming' rule where the trip involves an incidental benefit to the employer, not common to commute trips by ordinary members of the work force. The cases also indicate that the fact that the employee receives personal benefits is not determinative when there is also a benefit to the employer. [Citations.]" (*Id.,* at p. 962.)

■ From the cases reviewed above, we conclude that in deciding whether a local commute to or from the place of employment comes within the dual purpose exception, we must be mindful of the following principles: The basic question to be answered in a particular case is whether "the trip involves an incidental benefit to the employer, not common to commute trips by ordinary members of the work force." (*Id.;*

accord *Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d 150, 158.) However, mere performance of "some tidbit of work" at home will not avoid the "going and coming" rule because that would be tantamount to a complete abandonment of the "going and coming" rule. (1 Larson, *supra,* § 18.32, p. 4-197; see *Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d 150, 157.) It seems equally clear that the benefit to the employer must be one conferred in furtherance of an express or implied term or condition of the contract of employment. (*Dimmig* v. *Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d 860, 865; *Reinert* v. *Industrial Acc. Com., supra,* 46 Cal.2d 349, 353.) Where the home is claimed as a second jobsite, the "circumstances of the employment—and not mere dictates of convenience to the employee" must have required the work to be done at home. (*Wilson* v. *Workers' Comp. Appeals Bd., supra,* 16 Cal.3d 181, 184.) Finally, each case must be judged on its own peculiar facts, and in light of the statutory requirement that workers' compensation laws be liberally construed in favor of the employee, any reasonable doubt whether a trip comes within the dual purpose exception must be resolved in favor of the employee. (*Hinojosa* v. *Workmen's Comp. Appeals.Bd., supra,* 8 Cal.3d 150, 155-156; *Dimmig* v. *Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d 860, 867; *Tingey* v. *Ind. Acc. Com.,* 22 Cal.2d 636, 641 [140 P.2d 410]; *Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com., supra,* 21 Cal.2d 751, 760.)

▌ Applying the foregoing principles to the instant case, insofar as benefit to the employer is concerned, manifestly there was a direct and substantial benefit to him in having the depositions promptly translated. Compensability of petitioner's injuries thus pivots on whether performance of work at home was dictated by the terms or conditions of her employment or whether it was merely a matter of her personal convenience.

Although neither petitioner nor her employer recalled a specific instruction to take the depositions home for translation on the date of injury, the uncontradicted evidence compels the conclusion that it was an implied requirement of petitioner's duties. The employer testified that he expected petitioner to fully and timely complete all the work he gave her, even to the extent that she work beyond her normal workday. He knew that petitioner regularly took depositions home for translation and approved of the practice. If petitioner had asked for authority to take the depositions home on the day in question, he would have approved because "that was a normal procedure; that is what she normally did." Regularity of work performed at home is an important factor to be

considered in determining whether the home is a second worksite. (1 Larson, *supra,* § 18.32, pp. 4-193 - 4-194.) The fact that, although petitioner was not paid overtime for work at home, she took compensating time off and longer lunch breaks to make up for the time worked at home also militates in favor of the conclusion that the home was a second jobsite.

The evidence does not support the board's determination that the decision to take the depositions home for translation was merely for petitioner's personal convenience. The evidence was uncontradicted that the interruptive and distracting influence at the office after 5 p.m. precluded proper performance of the translational duties there. The board isolated and placed significant, if not conclusive, weight on the following sentence in petitioner's written statement: "For my own convenience I bring the work home rather than stay at the office late so that I will not be bothered." Fairly interpreted in light of the entire record, that statement was merely petitioner's way of saying her decision to take the depositions home was motivated by both personal and business concerns. The fact, as petitioner candidly testified, that she also "had to go home and fix dinner" for her family did not destroy the dual purpose of her homeward commute. Paraphrasing the test suggested by Professor Larson and integrating it into the context of this case, it is apparent that petitioner would have made the trip home to pursue her employment duty there even if the need to go home to prepare dinner for her family suddenly disappeared. (1 Larson, *supra,* § 18.31, p. 4-191.) The relative weight of the personal and business motives is immaterial; it is sufficient that the business purpose was a concurrent motivation for the decision to take the depositions home for translation.

Respondent contends the factual setting presented here is analogous to that found in *Wilson* v. *Workers' Comp. Appeals Bd., supra,* 16 Cal.3d 181, and that the board's decision should, therefore, be upheld. We disagree. *Wilson* involved a workers' compensation claim by a teacher for injuries she sustained in a vehicular accident on her regular commute to school while transporting work-related materials in her car. (*Id.,* at p. 183.) The court held the injuries were noncompensable under the second jobsite theory because choice of the home as the place to work was merely for the employee's convenience.[2] (*Id.,* at pp. 184-185.) Although

---

[2]The majority and dissenting opinions in *Wilson* indicate that the teacher placed primary reliance on the special mode of transportation exception to the "going and coming" rule. (*Id.,* at pp. 185-187; see generally *Huntsinger* v. *Glass Containers Corp.,* 22 Cal.App.3d 803, 809-810 [99 Cal.Rptr. 666]; 1 Larson, *supra,* § 17.50, p. 4-144.) The

the court recognized that there was an implicit requirement that the teacher work beyond normal classroom hours, it concluded that the evidence failed to establish a requirement that the work be performed at home. (*Id.,* at p. 185.) The court emphasized that there was "no claim that facilities at school were not sufficient to permit completion of the preparatory chores." (*Id.*)

Here, as we have explained, the record shows not only a requirement to labor beyond normal working hours but an implied requirement to work at home. Unlike *Wilson,* the uncontradicted evidence shows that the work could not be properly performed in the after-hours environment of the office and that translation work at home was the normal practice approved by the employer.

We conclude that *Wilson* is not controlling and that the board erred in determining that petitioner's injuries were not sustained in the course of employment. The board's decision is annulled and the matter is remanded for further proceedings in accordance with the views expressed herein.

Gardner, P. J., and Kaufman, J., concurred.

The petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied April 27, 1978. Clark, J., was of the opinion that the petition should be granted.

---

majority rejected that theory as well as the second jobsite theory. (*Wilson* v. *Workers' Comp. Appeals Bd., supra,* 16 Cal.3d 181, 185.) In the case at bench, petitioner makes no attempt to invoke the special mode of transportation exception; she relies entirely on the second jobsite exception to the "going and coming" rule.