[Civ. No. 52765. Second Dist., Div. Three. Aug. 31, 1978.]

JOSEPHINE RHODES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF LOS ANGELES, Respondents.

**COUNSEL**

Geffner & Satzman and Michael Ozurovich for Petitioner.

John H. Larson, County Counsel, Milton J. Litvin and Daniel E. McCoy, Deputy County Counsel, for Respondents.

**OPINION**

**COBEY, J.—**

## I.

### FACTS

Petitioner Josephine Rhodes alleges as compensable under the Workers' Compensation Act the injuries she sustained in an automobile accident on February 8, 1977, while on the way home from her place of employment while a passenger in a coemployee's motor vehicle.

Rhodes was employed as an eligibility worker for respondent County of Los Angeles, Department of Social Services (hereinafter County). County acknowledges that Rhodes was required to have a car for use in her job and when she used her car in her work she was reimbursed for mileage by County. Rhodes was not paid for trips to and from her residence unless she was also engaging in a business trip for County.

On occasion, Rhodes and a fellow eligibility worker, Valerie McKee, rode to work together using one or the other's car. McKee was also required to have a car available at work. On the occasions when McKee and Rhodes rode together, one would allow the other to use her car when needed to perform work duties.

On February 8, 1977, both McKee and Rhodes drove their own cars to work. At the end of the work day, Rhodes asked McKee to drive her home if Rhodes had difficulty in starting her car as it had been giving her problems as of late. When Rhodes was unable to start her car, she called her husband to have him come and pick up the car. Rhodes then left for home in McKee's vehicle.

During the course of the journey to Rhodes' residence, the subject automobile accident occurred which resulted in injuries to Rhodes.

The workers' compensation judge held that under the "going and coming rule" the injuries did not arise out of and occur in the course of employment and accordingly denied Rhodes' claim against County for workers' compensation benefits. The board, one panel member dissenting, denied reconsideration.

## II.

### DISCUSSION

As the pertinent facts are not in dispute, we deal only with a question of law. ■ We are of course not bound by the board's conclusion with respect to this legal question. (*Dimmig* v. *Workers' Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864-865 [101 Cal.Rptr. 105, 495 P.2d 433]; *Bramall* v. *Workers' Comp. Appeals Bd.* (1978) 78 Cal.App.3d 151, 155-156 [144 Cal.Rptr. 105].)

■ ■ The going and coming rule precludes workers' compensation benefits for injury suffered during the course of a local commute to a fixed place of business at fixed hours in absence of exceptional circumstances. (*General Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 595, 598 [128 Cal.Rptr. 417, 546 P.2d 1361]; *Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 157 [104 Cal.Rptr. 456, 501 P.2d 1176].)

■ An exception to the going and coming rule is where the employer requires that the employee bring a car to and from work for use in his employment duties. (*Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* at pp. 160-161; *Smith* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 814 [73 Cal.Rptr. 253, 447 P.2d 365].) In such a case the obligations of the job reach out beyond the employer's premises, make the vehicle a mandatory part of the employment, and compel the employee to submit to the hazards associated with private motor travel, which otherwise the employee would have the option of avoiding. Since this is the theory, it is immaterial whether the employee is compensated for the expenses of the trip. (*Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d at p. 160.)

It is clear that under *Smith* if Rhodes had been injured driving her own car home from work the injury would be compensable as County required Rhodes to bring a car to work. Further, if Rhodes and McKee had ridden to work together that day with the understanding that each could use the car for employment duties, the injury on the way home would have been compensable under *Hinojosa,* irrespective of who was the actual owner of the vehicle.

In *Hinojosa,* the injured was a farm laborer whose employer had several noncontiguous ranches. The employees were required to provide their own private vehicles for transportation between the fields. The injured was paid for the travel time between the fields. As he did not own a car, the injured arranged a ride with a fellow employee and contributed toward operating expenses. Enroute home after work as a passenger in the coemployee's car, the injured was involved in an automobile accident. Relying on *Smith* the court held the injury compensable. Rejecting any possible distinction between the injured being a passenger rather than the driver, the court stated:

"The fact that petitioner did not *own* the automobile in which the accident occurred does not render the rationale of *Smith* inapplicable. So to hold would mean that petitioner's co-worker, Rodriguez, the driver of the vehicle, would be entitled to workmen's compensation benefits while petitioner would not. Yet both shared the burden and expense of providing the on-the-job vehicle necessary to their employment. Both equally performed the service to the employer of supplying an essential tool of the trade—their own transportation between the various Wiest fields.

"Two co-employees, injured in the same accident and under identical employment circumstances, cannot logically be treated differently under the workmen's compensation law merely because one is the legal owner of, and the other a passenger in, the vehicle involved in the accident. (Compare *Stumar* v. *Industrial Acc. Com.* (1936) 16 Cal.App.2d 429 [60 P.2d 557] with *Wiley* v. *Ind. Acc. Com.* (1936) 16 Cal.App.2d 756 [60 P.2d 558]; see also, 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *supra,* § 9.03[1][c].) After noting the 'going and coming rule' and its exceptions, Hanna comments, 'Likewise, injuries sustained in the vehicle of a fellow employee or third party may, *subject to the same rules,* be compensable.' (Italics added.)" (*Hinojosa, supra,* 8 Cal.3d at p. 162.)

While Rhodes made no monetary contributions to McKee as the injured gave to the driver in *Hinojosa,* the fact that McKee and Rhodes shared use of the vehicle utilized on days they "car pooled" to work would be a sufficient sharing of the "burden and expense of providing the on-the-job vehicle necessary to their employment" if the injury had occurred on a day when they had traveled to work together with an agreement to share the vehicle for the day's employment duties. Instead

of paying each other money, they would simply be exchanging the valuable consideration of the use of a vehicle. Of course, the significant factor here is that on the day of the injury Rhodes and McKee had not car pooled to work with the understanding that the car would be shared for employment duties. Rhodes' injury, therefore, does not fall exactly within the holdings of *Smith* or *Hinojosa*.[1]

▮ Merely because Rhodes' injury does not fit precisely into one of the "established" exceptions to the going and coming rule, however, does not automatically mean that the question of compensability must be resolved against Rhodes. ▮ The exceptions to the going and coming rule cannot be mechanically applied. The going and coming rule, after all, has been widely criticized and is riddled with exceptions. (*Hinojosa, supra,* 8 Cal.3d 150, 156; *Bramall, supra,* 78 Cal.App.3d 151, 156.) Each case must be judged on its own peculiar facts; and, in light of the statutory requirement that the workers' compensation laws be liberally construed in favor of the employee, any reasonable doubt whether a trip comes within an exception to the going and coming rule should be resolved in favor of the employee. (*Bramall, supra,* 78 Cal.App.3d at p. 158.)

In both *Hinojosa* and *Smith* the court emphasized that by virtue of a vehicle being required or needed in the injured's work an implied requirement existed that the vehicle be transported to and from work. (See *Hinojosa, supra,* 8 Cal.3d at p. 162; *Smith, supra,* 69 Cal.2d at p. 821.) At first blush it would seem that it is merely the transportation of the vehicle that is the important point; and, therefore, since Rhodes' injury did not occur when she was transporting the vehicle *she brought* to work the going and coming rule is not avoided. *Hinojosa* and *Smith,* in reality, however, do not rest on such a narrow analysis.

When an employee brings a car to his place of employment in response to his employer's direct or implied request that the employee have a vehicle available to perform his work, a benefit is bestowed upon the employer (*Hinojosa, supra,* 8 Cal.3d at pp. 160-161; *Smith, supra,* 69 Cal.2d at p. 820) and at the same time the employee is compelled to

---

[1]For example, the fatal accident in *Smith* occurred when Smith, the deceased employee, was bringing his car to his place of employment.

submit to the hazards of private motor travel which he otherwise would have had the option of avoiding. (*Hinojosa, supra,* 8 Cal.3d at p. 160.)

County argues that Rhodes was in no different position than any other employee who gets a ride home after work. Clearly that is not the case here. The employee whose work requires no special method of transportation or has no requirement that he provide his own transportation for work duties has a vast choice of alternative transportation modes, (e.g., car pool, private motor vehicle, motorcycle, bus, bicycle, walking). When such an employee's mode of transportation becomes disabled, the employer has no involvement since the employee made the choice. Accordingly, such an employee's injury while traveling home after his vehicle becomes disabled would not be compensable.

Here, Rhodes was restricted to a particular transportation mode.[2] When Rhodes was unable to start her car she was placed in a position of having to obtain whatever alternative transportation was available not just because she on her own had made the choice to travel to work by her own motor vehicle but also because County required her to bring a vehicle to work. County having received the benefit of Rhodes bringing, pursuant to County's request, her car to work should not escape liability for a hazard originating in Rhodes' compliance with such request.[3] Under this analysis the fact that the accident occurred in McKee's car is irrelevant. The same result would be indicated if Rhodes took the bus or any other reasonable method of transportation home after her County-required vehicle would not start.

Accordingly, we conclude that the injury does not come under the going and coming rule and hence we hold that the injury arose out of and occurred in the course of Rhodes' employment for County. Of course, the exact nature and extent of the disability, if any, is left to the board's determination on remand.

---

[2]County appears to argue that "car pooling" with McKee was not really a preferable alternative choice for Rhodes. In its brief County states: "[L]ogically, on those rare occasions when the two employees brought only one car to work they were violating the requirement that each have an automobile at her disposal. When only one car was available, only one could use it on a business call and the other would fail on her part to have a car available." There is no evidence, however, that car pooling was against County's policy.

[3]Had Rhodes' car been able to start and she had merely decided to ride home with McKee, compensability would not be indicated.

## III.

## DISPOSITION

The decision of the board is annulled and the matter is remanded to the board for further proceedings consistent with the views expressed in this opinion.

Klein, P. J., and Potter, J., concurred.

The petition of respondent County of Los Angeles for a hearing by the Supreme Court was denied October 25, 1978.